**SO ORDERED.**

**SIGNED this 08 day of May, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
ELIZABETH CITY DIVISION

IN RE:

BLUE WATER LAND DEVELOPMENT
COMPANY, LLC,

     DEBTOR.                      CASE NO. 08-00842-8-JRL
                                            CHAPTER 11

_____

**ORDER**

These matters are before the court on the debtor's motions for extension of time to respond to the motion to appoint a trustee or convert to Chapter 7 and request for scheduling order and for entry of a consent order in aid of the debtor's real estate sale efforts.

On February 8, 2008, the debtor filed Chapter 11 and has since operated as the debtor-in-possession. Michael K. Lam (Lam) owns 100% of the membership interest in the debtor and also filed an individual Chapter 11 on February 8, 2008. On April 7, 2008, creditor Bank of America filed a motion to appoint trustee or convert to a Chapter 7 in the Blue Water Chapter 11 case.[1] The

---

[1] A similar motion for appointment of trustee or convert to Chapter 7 was filed in the Lam individual Chapter 11 case on March 31, 2008 by several creditors of Lam. Lam filed a similar motion for extension of time on April 23, 2008.

debtor seeks a sixty-day extension of time to respond to Bank of America's motion in order to conduct discovery. Bank of America objects to the debtor's motion, asserting that the request for extension of time is simply a delay tactic to avoid the appointment of a trustee or conversion to Chapter 7 and the sale of the debtor's real property in Perquimans County, North Carolina.

In addition, the debtor has filed an ex parte motion for entry of a consent order in aid of the debtor's real estate sale efforts. A March 4, 2008 order by this court approved the debtor's employment of Capital Associates Management, LLC (Capital Associates) as real estate broker to market and sell the debtor's real property in Perquimans County, North Carolina. Capital Associates is in the process of marketing the property. Through the proposed consent order, Lam consents to a procedure whereby the debtor shall be authorized to file a motion for sale of real estate free and clear of liens for its property pursuant to 11 U.S.C. § 363 in the event that a specific sale agreement for the property is received by the debtor which is concurrently recommended by Capital Associates and the debtor's attorney. The crux of the consent order, and the part that the court finds the most troubling, is the provision whereby Capital Associates and the debtor's attorney may present a sale agreement to the court whether or not the agreement is recommended by Lam, and whereby Lam retains the right to file an objection to such motion. Bank of America objects to entry of the proposed consent order, contending that the debtor is attempting to allow its own counsel and real estate professionals to act as de facto trustees with respect to the sale of the Perquimans County property. Bank of America argues that the proposed consent order would create an inherent conflict of interest between the debtor and its counsel.

Based on the foregoing, the debtor's motion for extension of time to respond to the motion to appoint trustee is ALLOWED. The debtor has sixty days to conduct discovery. For purposes of

discovery, the Blue Water Chapter 11 case is consolidated with the Lam individual Chapter 11 case such that any discovery taken in one case is deemed taken in the other. Moreover, discovery taken in either case will be admissible to the extent that it is relevant to future issues in either case. The debtor is to file a response to Bank of America's motion to appoint a trustee within ten days of the close of the sixty-day discovery period. As to the debtor's motion for ex parte relief, the court DENIES the request to enter the consent order. The proposed consent order inappropriately blurs the role of the debtor, its counsel, and its broker. Lam is the sole member and manager of the debtor and has a fiduciary duty to proceed in the interests of the creditors of the estate. The court declines to change that duty by shifting those responsibilities to other persons.

"END OF DOCUMENT"