**SO ORDERED.**

**SIGNED this 04 day of September, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
ELIZABETH CITY DIVISION

IN RE:

**BLUE WATER LAND DEVELOPMENT, LLC,**

    Debtor.                                                     Case No. 08-00842-8-JRL
                                                              Chapter 11

IN RE:

**MICHAEL K. AND JENNIFER J. LAM**

    Debtors.                                                    Case No. 08-00856-8-JRL
                                                              Chapter 11

**O R D E R**

      This action is before the court on the motion of creditors John W. Dixon (Dixon) and Glenn E. Futrell (Futrell) for a protective order relieving them of the obligation of producing a settlement agreement with the Bank of America pursuant to a subpoena issued by counsel for debtors. The confidential agreement resolved claims among Futrell, Dixon and Bank of America in litigation that predated the filing of these cases and also involved the debtors. At the conclusion of a telephonic hearing on the motion on September 2, 2008, counsel for the Bank of

America submitted the agreement for in camera review.  Although not a respondent to the subpoena, counsel for Bank of America strenuously asserts that the bank is entitled to rely on the confidentiality provisions in the agreement to prevent its disclosure.

The Rules of Evidence render settlement negotiations inadmissible if offered to prove liability, invalidity, or amount of a claim.  Fed. R. Evid. 408.  Inherent in this Rule is the strong public policy in favor of promoting settlements.  However, relevant information that is inadmissible at trial is discoverable if the discovery appears reasonably calculated to lead to the discovery of other evidence that would be admissible at trial.  Fed. R. Civ. P. 26(b)(1).  Courts have construed Rule 26(b) to permit very broad discovery, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Young v. State Farm Mut. Auto Ins. Co., 169 F.R.D. 72 (S.D.W. Va. 1996) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)).  It follows that settlement documents are subject to discovery if they are relevant and likely to lead to the discovery of admissible evidence.

Although Rule 408 does not bar the discovery of information related to settlement negotiations, the majority of courts require the moving party to satisfy a heightened standard of proof before granting the discovery of confidential settlement material.  See Equal Rights Ctr. v. Archstone-Smith Trust, 2008 WL 2717762 (D. Md. 2008) (court was unwilling to "open the gate to expansive and costly discovery in the absence of a specifically articulated bases for disclosure."); Fidelity Fed. Sav. and Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993) (court switched the burden of proof from the party opposing discovery to the party seeking the information and found that moving party met its burden as to some settlement material);

Bottaro v. Hatton Assocs., 96 F.R.D. 158 (E.D.N.Y. 1982) (no disclosure where "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of the settlement agreement"). Other courts have rejected the heightened standard and place the burden on the opposing party to prove that the information sought is unlikely to lead to admissible evidence. See Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986) (reasoning that the policies favoring broad discovery mandate placing the burden of proof on the party opposing discovery). The court finds that the parties' confidential settlement agreement is discoverable under either standard.

First, in these cases, Bank of America has asserted a secured claim of $14,000,000.00. Futrell has asserted a secured claim of $5,517,775.36, and he and Dixon have asserted unsecured claims of $300,000.00 and $1,360,841.36, respectively, in the Blue Water case. The debtors have categorized all of these claims as disputed, unliquidated, and contingent in their schedules, and have asserted from the outset of these cases that they will attempt to avoid Bank of America's secured status or equitably subordinate its recovery to that of other creditors. The settlement agreement has provisions that would be highly relevant to the distribution scheme in these cases, and perhaps to the classification of claims into classes, should the debtors succeed. Without disclosure of the terms of the settlement agreement, any understanding of the potential positions of the parties in these cases is incomplete.

Second, a close examination of the actual confidentiality provision agreement relied on by Bank of America suggests that disclosure here is appropriate. Paragraph 9 reads as follows, in pertinent part: "Notwithstanding the foregoing, Defendants may disclose to third-parties that BOA returned to them funds in the amount of their respective deposits with six (6) months

interest, and BOA and Defendants may disclose the terms of this Agreement to the other parties to the Lawsuit and their counsel in the course of negotiating settlement or in furtherance of their claims therein." The Defendants referred to in this paragraph are Futrell and Dixon, and they have indicated their willingness to disclose the agreement and provided written waivers. The parties seeking the disclosure are counsel for other parties to the lawsuit to whom disclosure is permitted. With a court-mandated mediation in the near future, it is not difficult to conclude that disclosure is in the course of negotiating settlement. A fair reading of this term is that the Bank cannot prevent disclosure when the Defendants are willing to make it in compliance with the terms of the settlement agreement.

Accordingly, the motion for a protective order is denied, and Futrell and Dixon are ordered to disclosure the settlement agreement forthwith. As anticipated by the agreement, its use and disclosure shall be strictly limited to counsel in these cases, with the proviso that it may be shared with the mediator if any party deems it necessary.

**END OF DOCUMENT**