**SO ORDERED.**

**SIGNED this 21 day of October, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

BLUE WATER LAND DEVELOPMENT, LLC,

   DEBTOR.        Case No. 08-00842-8-JRL
                    Chapter 11

_____

## ORDER

This case is before the court on Bank of America's response to the debtor's objection to claim and request for a hearing. On October 9, 2008, the court conducted a telephonic status conference on this matter.

On February 8, 2008, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On June 9, 2008, Bank of America filed a proof of claim in the amount of $14,000,000.00, plus interest, treble damages, and attorneys' fees. Bank of America's claim arises from a deed of trust which allegedly secures a loan made by Bank of America in the same amount. The validity of Bank of America's lien is the focus of ongoing litigation between the parties and the subject of an objection to claim filed by the debtor on August 28, 2008. In its objection to claim, the debtor states that it has significant defenses and set-offs to the claim, the claim should be subject to equitable

subordination, and Bank of America should be treated as unsecured.  Bank of America argues that the debtor's objection to claim is improper because the relief requested must be sought in an adversary proceeding.

Rule 3007 of the Federal Rules of Bankruptcy Procedure precludes a party from using an objection to claim to raise issues that must be brought in an adversary proceeding.  FED. R. BANKR. P. 3007(b).  Rule 7001 provides a list of adversary proceedings and includes proceedings "to subordinate any allowed claim or interest . . ." and "to determine the validity, priority, or extent of a lien or other interest in property . . ." FED. R. BANKR. P. 7001(2) and (8).  Thus, a request to subordinate a claim must be brought in an adversary proceeding.  FED. R. BANKR. P. 7001(8).  However, a debtor in possession need not bring an adversary proceeding to object to the validity of a lien when responding to a creditor's proof of claim.  See 10 Collier on Bankruptcy ¶ 7001.03 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. Rev. 2007) ("It is possible for the trustee to dispute the secured status of a creditor filing a proof of claim by denial and affirmative defense without filing an adversary proceeding").  Here, the debtor acted in violation of Rule 3007(b) by seeking relief for equitable subordination in its objection to claim.  However, the court finds that the debtor is authorized to challenge the validity of Bank of America's lien in an objection to claim.

Based on the foregoing, the court permits the debtor to challenge the validity of Bank of America's lien in its objection to claim.  On the other hand, the court precludes the debtor from using an objection to claim to request relief for equitable subordination.  However, the debtor may allege equitable subordination against Bank of America in an adversary proceeding.

"END OF DOCUMENT"